IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MISSISSIPPI STATE DEMOCRATIC PARTY,
AND MISSISSIPPI STATE DEMOCRATIC
PARTY EXECUTIVE COMMITTEE,                                    PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 4:06CV29-P-B

HALEY BARBOUR, GOVERNOR; JIM HOOD,
ATTORNEY GENERAL; ERIC CLARK, SECRETARY
OF STATE, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE MISSISSIPPI BOARD OF
ELECTION COMMISSIONERS,                                       DEFENDANTS.

**ORDER**

This matter comes before the court upon Plaintiffs' Motion for Preliminary Injunction [3-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

To succeed on a Fed. R. Civ. P. 65(a) motion for preliminary injunction, the movant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the injunction might cause to the non-movant; and (4) that the injunction will not disserve the public interest. *E.g., Plains Cotton Co-op Ass'n v. Goodpasture Computer Serv. Inc.*, 807 F.2d 1256, 1259 (5th Cir. 1987), *cert. denied*, 484 U.S. 821 (1987). A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the

burden of persuasion. 11A Fed. Prac. & Proc. Civ.2d § 2948 (citing *e.g., Sampson v. Murray*, 415 U.S. 61 (1974); *Mazureck v. Armstrong*, 520 U.S. 968, 972 (1997); *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).

Nowhere in the instant motion or supporting brief do the plaintiffs mention or address the aforementioned preliminary injunction factors. In their reply, after the defendants pointed out this error, the plaintiffs simply recited the factors themselves without specific analysis regarding same. In any event, the court addresses the factors below.

For the purposes of a preliminary injunction, the court concludes that the plaintiffs have not demonstrated a substantial likelihood of success on the merits of their suit seeking (1) a judgment declaring unconstitutional Mississippi Code Annotated § 23-15-575, the Attorney General's 2003 WL 356426 (Miss. A.G.) Opinion interpreting same, and Mississippi's primary system, and (2) an order permanently restraining Defendant Mississippi Board of Election Commissioners from conducting any partisan primary (a) without allowing the Mississippi State Democratic Party to define participation in a Democratic primary, (b) without implementing a reasonable mechanism to allow the Mississippi State Democratic Party to exclude non-Democrat voters from a Democratic primary; and (c) allowing or encouraging Democratic party raiding by Republican or independent voters.

The primary authority the plaintiffs cite for the proposition that Mississippi's current primary system is unconstitutional is *California Democratic Party v. Jones*, 530 U.S. 567 (2000).[1] In *Jones*,

---

[1] The plaintiffs also cite *Reed v. Democratic Party of Washington State*, 343 F.3d 1198 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). However, although said case relies on the decision in *Jones*, *Reed* has no mandatory precedential value. In any event, unlike the situation in Mississippi, the State of Washington has a blanket primary like that in California, whereas Mississippi has no blanket primary. In *Reed*, the Ninth Circuit defined a blanket primary as one "in which a voter can

the U.S. Supreme Court held that California's blanket primary, Proposition 198, violated a political party's First Amendment right of association. "Proposition 198 changed California's partisan primary from a closed primary to a blanket primary. Under the new system, '[a]ll persons entitled to vote, including those not affiliated with any political party, shall have the right to vote ... for any candidate regardless of the candidate's political affiliation.'" *Jones*, 530 U.S. at 569. "Whereas under the closed primary each voter received a ballot limited to candidates of his own party, as a result of Proposition 198 each voter's primary ballot now lists *every candidate regardless of party affiliation and allows the voter to choose freely among them.*" *Id*. (emphasis added).

The situation leading to the actual holding in *Jones* – *i.e.*, that California's blanket primary is unconstitutional – is readily distinguishable from that at bar. First and foremost, Mississippi does not have a blanket primary. Rather, Mississippi Code Annotated § 23-15-575 (effective January 1, 1987) provides that "No person shall be eligible to participate in any primary election unless he intends to support the nominations made in the primary in which he participates." This renders Mississippi's current primary as a "semi-closed" primary. It is not a classic "closed" primary in which only registered members of a party may vote in that party's primary because Mississippi does not have party registration. It is not a classic "open" primary in which all registered voters may choose in which party primary to vote since § 23-15-575 suggests that one who votes in a given primary is representing that he will vote for the candidate ultimately chosen in that party's primary for the general election. A second difference from the situation raised in *Jones* is that Mississippi

---

vote for candidates of any party on the same ballot" as opposed to an "'open' primary where the voter can choose the ballot of either party but then is limited to the candidates on that party's ballot" or a "'closed' primary in which only voters who register as members of a party may vote in primaries to select that party's candidates." 343 F.3d at 1203.

does not have a mechanism for party registration, whereas California indeed has party registration. A third difference is that all of the political parties were named plaintiffs in *Jones* whereas only the Mississippi State Democratic Party is a named plaintiff in this instant case. There is no representation from the Republican or an independent party in this case even though the eventual results of this case affect all parties in Mississippi.

With regard to the second element in establishing the propriety of a preliminary injunction, the plaintiffs have not met their burden in demonstrating a substantial threat of irreparable injury if the injunction is not issued. The statute in question has been in effect since January 1, 1987. It is undisputed that the plaintiffs have not challenged the constitutionality of § 23-15-575 in federal court until the present case filed in 2006. It is unclear from the plaintiffs' briefs how their perceived flaws with Mississippi's current primary system, primarily the fear of party-raiding, will create any more of a substantial threat of irreparable injury than it allegedly has for the last eighteen years. The presence of a substantial threat of irreparable injury for the purposes of a preliminary injunction is also belied by the fact that there is no evidence that the plaintiffs have received pre-clearance for their proposed changes to the Mississippi primary system from the Justice Department as required by the Voters Rights Act of 1965, 42 U.S.C. § 1973 *et seq*.

The court also concludes that the plaintiffs have not met their burden in demonstrating that the threatened injury outweighs any damage the injunction might cause to the non-movant. In this case, the non-movants are the members of the Mississippi Board of Election Commissioners in their official capacities. Time is of the essence in this matter because the next Mississippi Democratic primary will be held on June 6, less than a month from today. The plaintiffs have not addressed how the eighteen-year fear of party raiding in the June Mississippi Democratic primary, combined with

4

the plaintiffs' failure to seek or receive preclearance from the Justice Department, outweighs the heavy burden that would be imposed upon the Mississippi Board of Election Commissioners to design and implement changes to the primary system in a month's time without approval from the Justice Department, or without input or agreement from other parties.

Similarly, the plaintiffs have not established the final element required for a preliminary injunction – that the injunction will not disserve the public interest. As stated above, the other political parties in this state have not been made parties to this action even though the relief requested by the plaintiffs most certainly affects them. Furthermore, the plaintiffs have neither established that they indeed represent all Mississippians who vote for Democrat candidates, nor have they yet sought or received class certification from this court for their proposed class. Indeed, the plaintiffs have not demonstrated how they can determine who is a Democrat or a Republican or an independent either for the purposes of excluding non-Democrats from a Mississippi Democratic primary or for establishing a proper class under Fed. R. Civ. P. 23. There is no party registration in Mississippi, nor is there a requirement for voter identification. It would clearly be a disservice to the public to attempt to implement a major change in Mississippi's primary system less than one month before the next Democratic primary without Justice Department approval, without a way to determine who is and is not a Democrat, and without input from other political parties in this state, all through a hastened preliminary injunction, the requirements for which were not specifically addressed by the movants.

Accordingly, the court concludes that the plaintiffs have not met their burden in clearly demonstrating the propriety of a preliminary injunction in this case. Therefore, the case must proceed in its natural course.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Preliminary Injunction [3-1] is **DENIED**.

**SO ORDERED** this the 10th day of May, A.D., 2006.